UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KYLE EUGENE FASSETT,<br><br>Petitioner,<br><br>vs.<br><br>DOUG CLARK,[1] ACTING WARDEN; and the ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | **4:21-CV-04048-KES**<br><br>**REPORT AND RECOMMENDATION** |

**INTRODUCTION**

Petitioner, Kyle Eugene Fassett, an inmate at the South Dakota State Penitentiary, has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Now pending are respondents' motion to dismiss Mr. Fassett's petition without holding an evidentiary hearing and motion to strike Mr. Fassett's second response to the motion to dismiss. See Docket Nos. 9 and 13. Mr. Fassett opposes the motion. See Docket Nos. 11 & 12. This matter was referred to this magistrate judge for a recommended disposition

---

[1] Mr. Fassett originally named Darren [sic] Young, former warden of the South Dakota State Penitentiary, as a respondent. Mr. Young has been separated from that office. According to Federal Rule of Civil Procedure 25(d), the court substitutes Mr. Clark in his place.

pursuant to 28 U.S.C. § 636(b)(1)(B) and the Honorable Karen E. Schreier's standing order dated October 16, 2014.

**FACTS**

**A.     Conviction**

On July 13, 2019, Mr. Fassett was indicted on a charge of felony failure to appear in violation of SDCL § 23A-43-31(1) due to his failure to report for his penitentiary sentence.  See State v. Fassett, CR 17-5466 at p. 1 (2d Jud. Cir. July 13, 2019).  Mr. Fassett pleaded guilty to the failure to appear charge.  See Id. at p. 16.  On March 6, 2019, the Honorable Bradley Zell, Circuit Court Judge, Second Judicial Circuit, sentenced Mr. Fassett to a two-year suspended penitentiary sentence, with credit for three days previously served.  Id.  This sentence was ordered to run consecutive to the sentence in State v. Fassett, CR 16-4911 (2d Jud. Cir.).  By his own admission, Mr. Fassett did not file a direct appeal of his conviction, nor did he file a state habeas petition.

**B.     Board of Pardons & Paroles Determination**

On January 25, 2019, Mr. Fassett was released to parole supervision and later violated his parole by absconding from supervision.  See Docket No. 10-2 at p. 4.  According to the violation report, on April 15, 2020, Mr. Fassett claimed to have broken up with his girlfriend and moved in with his sister in Sioux Falls, South Dakota.  Id. at p. 4.  On May 18, 2020, after repeated attempts by the parole officer to contact Mr. Fassett and get details about his place of residence, Mr. Fassett's whereabouts were unknown, and he was listed as an absconder.  Id.  A parole violation report was submitted to the Board of

Pardons & Paroles ("Board") for determination on whether Mr. Fassett's parole should be revoked. Id. at pp. 4-5.  Mr. Fassett waived his right to appear before the Board, and on January 28, 2021, he was extended a proposed dispositional offer, accepted it, and admitted to the parole violation. Id. at p. 11; Docket No. 10-3.  The Board revoked Mr. Fassett's parole on February 8, 2021, and imposed the two-year suspended sentence from his failure to appear case.  Docket No. 10-3 at pp. 2-3.  Mr. Fassett was served notice of entry of the Board's order on February 12, 2021.  See Docket No. 16-1.  Mr. Fassett did not appeal the Board's order.

**C.     Federal Habeas Petition**

Mr. Fassett filed this federal habeas petition pursuant to 28 U.S.C. § 2254 on March 25, 2021.  See Docket No. 1 at p. 14.  Mr. Fassett's petition alleges several constitutional violations stemming from the "unlawful imposition of his sentence." See id. at p. 6.  On March 31, 2021, after preliminary review of the petition, this court ordered the parties to file briefs showing cause on why the petition should not be dismissed as untimely.  See Docket No. 3.  The matter is now fully briefed and ripe for decision.

## DISCUSSION

**A.     Respondent's Motion to Strike Mr. Fassett's Second Response**

On June 1, 2021, respondents moved to strike Mr. Fassett's second response to their motion to dismiss.  See Docket No. 13.  As a matter of fairness to the pro se petitioner, the court denies this motion to strike. In making its recommendation on the government's motion to dismiss, the

court has considered all responses filed by Mr. Fassett.  See Docket Nos. 11 & 12.

**B.     Scope of a §2254 Petition**

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") constrains federal courts to exercise only a "limited and deferential review of underlying state court decisions."  Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005) (quoting Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003)).  A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).  A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent."  Williams v. Taylor, 529 U.S. 362, 405-06, (2000) (O'Connor, J., concurring).  A federal habeas court may not issue the writ merely because it concludes the state court applied the clearly established federal law erroneously or incorrectly.  Id. at 411.  "Rather, that application must also be *unreasonable*."  Id. (emphasis added).  See also Finch v. Payne, 983 F.3d 973, 979 (8th Cir. 2020).

The state court's factual findings are presumed to be correct, and a federal habeas court may not disregard the presumption unless specific statutory exceptions are met. Thatsaphone v. Weber, 137 F.3d 1041, 1046 (8th Cir. 1998); 28 U.S.C. § 2254(e). A federal habeas court must "more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair support' in the record." Marshall v. Lonberger, 459 U.S. 422, 432 (1983); see also Thatsaphone, 137 F.3d at 1046.

### C. Mr. Fassett's Unexhausted Procedurally Defaulted Claims

#### 1. State Court Exhaustion Requirement

Respondents argue that Mr. Fassett's petition must be denied as unexhausted because he has not properly sought review of his federal claims in state court. Under AEDPA, federal habeas review of state court convictions is limited to claims the petitioner previously presented to the state courts for consideration:

> (b)(1) An application for a writ of habeas corpus on behalf of person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)  (i) there is an absence of available State corrective process; or
> >
> > > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

See 28 U.S.C. § 2254(b) and (c). The above codifies what was previously a judicial doctrine of exhaustion.

A federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies. See 28 U.S.C. § 2254(b). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court has stated:

> Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose, 455 U.S. at 518 (quotations omitted), superseded by AEDPA as noted in Rhines v. Weber, 544 U.S. 269, 273-75 (2005).

The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court. Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level. See 28 U.S.C. § 2254(b) & (c); Rose, 455 U.S. at 522. A petitioner's procedurally defaulted claims are barred from federal review unless there is a showing of either cause and prejudice or actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998).

A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context. Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992). "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding." Id. (citation omitted). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993) (citation omitted).

Under South Dakota law, "[t]he Board operates under the direction and supervision of the Department of Correction," and "[i]t is generally governed by [SDCL Ch. 1-26]." Abdulrazzak v. Board of Pardons and Paroles, 940 N.W.2d

672, 675 (S.D. 2020). SDCL §1-26-31 provides that appeals from decisions of the Board must be filed with the clerk and served on the adverse party within thirty days of having been served notice of the agency's decision. See SDCL § 1-26-31. A "circuit court's appellate jurisdiction depends on compliance with conditions precedent set by the legislature," and "[t]he failure to comply with a statutory condition precedent deprives the circuit court of subject matter jurisdiction." Schreifels v. Kottke Trucking, 631 N.W.2d 186, 188 (S.D. 2001).

Here, Mr. Fassett never appealed the Board's decision administratively and never sought state appellate review at any time. See Docket No. 1. In order to exhaust his claims, Mr. Fassett was required to file his appeal with the clerk and serve it on the adverse party within 30 days of having been served notice of the Board's decision to revoke his parole. See SDCL § 1-26-31. Mr. Fassett was served notice of the Board's order on February 12, 2021. See Docket No. 16-1. Thus, he would have had until March 14, 2021, to file his appeal with the circuit court.

Mr. Fassett wrote "I filed a grievance, but never got a response back," this is not sufficient for Mr. Fassett to meet his burden of showing that all available state court remedies have been exhausted. See Docket No. 1 at pp. 7-10. Therefore, because Mr. Fassett neither sought review by the Board, never sought any state appellate review, and never filed any state habeas petitions, his claims are not exhausted, and the doctrine of procedural default comes into play.

## 2. Procedural Default

Closely related to the doctrine of state court exhaustion is the doctrine of procedural default. Both doctrines are animated by the same principals of comity—that is, in our dual system of government, federal courts should defer action on habeas matters before them when to act on those petitions would undermine the authority of state courts, which have equal obligations to uphold the constitution. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (quoting Rose, 455 U.S. at 518). If a petitioner has failed to exhaust administrative remedies, and further non-futile remedies are still available to him in state court, then the federal court dismisses the federal petition without prejudice, allowing the petitioner to exhaust his state court remedies. Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998). Where the petitioner has no further state remedies available to him, analysis of the procedural default doctrine is the next step.

Procedural default is sometimes called the "adequate and independent state grounds" doctrine. A federal habeas petitioner who has defaulted his federal claims in state court by failing to meet the state's procedural rules for presenting those claims has committed "procedural default." Coleman, 501 U.S. at 731-32, 735 n.1. If federal courts allowed such claims to be heard in federal court, they would be allowing habeas petitioners to perform an "end run" around state procedural rules. Id. However, where no further non-futile remedy exists in state court, it is not feasible to require the petitioner to return

to state court as would be the case in a dismissal for failure to exhaust state remedies.

In the Coleman case, the habeas petitioner, Coleman, had defaulted all of his federal claims by filing his notice of appeal from the state trial court three days late.  Coleman, 501 U.S. at 727-28, 749.  The state appellate court then refused to hear Coleman's appeal based on his late filing of his notice of appeal.  Id. at 740.  The Court held "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[2]  Id. at 750.  See also Ruiz v. Norris, 71 F.3d 1404, 1409 (8th Cir. 1995) ("A district court need not consider the merits of a procedurally defaulted claim.") (citation omitted).

"A state procedural default bars federal habeas review unless the petitioner can demonstrate cause for the default *and* actual prejudice as a result of the alleged violation of federal law."  Maynard v. Lockhart, 981 F.2d 981, 984 (8th Cir. 1992) (quotation omitted, emphasis added).  If no "cause" is

---

[2] To fit within the fundamental miscarriage of justice exception, the petitioner must make a showing of actual innocence.  Schlup v. Delo, 513 U.S. 298, 321, (1995), superseded on other grounds by statute as stated in Rivas v. Fischer, 687 F.3d 514, 541 n.36 (2d Cir. 2012).  A successful claim of actual innocence requires the petitioner to support his allegations with new, reliable evidence.  Weeks v. Bowersox, 119 F.3d 1342, 1351 (8th Cir. 1997).

found, the court need not consider whether actual prejudice occurred. Id. at 985; Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995) (citations omitted).

"The requirement of cause . . . is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . . ." Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992). The habeas petitioner must show that "some objective factor *external to* [*petitioner*] impeded [his] efforts." Id. (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis added).

A petitioner may show cause by demonstrating that the factual or legal basis for a claim was not reasonably available to the petitioner at the time or that there was interference by officials which prevented the petitioner from exhausting his state remedies. Murray, 477 U.S. at 488. A petitioner's lay status, *pro se* status, and lack of education are not sufficient cause to excuse a procedural lapse in failing to pursue state court remedies. See Stewart v. Nix, 31 F.3d 741, 743 (8th Cir. 1994); Smittie, 843 F.2d at 298. Illiteracy or low intelligence are also not enough to demonstrate cause. See Criswell v. United States, 108 F.3d 1381, *1 (8th Cir. 1997) (per curiam) (unpub'd.); Cornman, 959 F.2d at 729. Finally, neither is ignorance of the law. Maxie v. Webster, No. 91-3292, 1992 WL 302247, at *1, 978 F.2d 1264 (table) (8th Cir. Oct. 26, 1992).

Here, Mr. Fassett has procedurally defaulted his claims as they relate to the Board's order. Mr. Fassett's parole was revoked by the Board on February 8, 2021, and he was served notice of the Board's decision on February 12,

2021.  See Docket Nos. 10 & 16.  Mr. Fassett never filed an appeal contesting his parole revocation, and now is beyond the thirty-day limitation period stipulated in SDCL §1-26-31.  Due to his failure to timely appeal the Board's decision, Mr. Fassett's claims are procedurally defaulted.

Further, Mr. Fassett has failed to establish cause for the default *and* actual prejudice as a result of the alleged violation of federal law.  In his response, Mr. Fassett states, "From Sept. 19, 2020 to Jan. 12, 2021 that would be a total of 115 days Plaintiff had no access to South Dakota law . . . ."  See Docket No. 12 at p. 1.  Given this assertion, it is presumed Mr. Fassett had access to South Dakota law at the time he was served notice of the Board's decision to revoke his parole on February 12, 2021.  The time period during which he alleges he had no access to South Dakota law occurred *before* his 30-day appeal period even began to run.

On page 4 of the Board's order, it states, "This case may be appealed to the circuit court and South Dakota Supreme Court pursuant to SDCL Ch. 1-26."  See Docket No. 10-3.  This statement is sufficient to put Mr. Fassett on notice of how to appeal the Board's order.  South Dakota law is clear in SDCL § 1-26-31 that a petitioner has thirty days to file an appeal after having been served notice of the agency's decisions.  See SDCL § 1-26-31. Ultimately, Mr. Fassett has not provided the court with any additional reasons for his failure to timely appeal, and thus, has not established cause.  Without establishing cause, Mr. Fassett has failed to meet his burden of proving both

cause *and* actual prejudice to allow consideration of his procedurally defaulted claims.  See Maynard, 981 F.2d at 985.

Mr. Fassett has also failed to plead actual innocence.  A successful claim of actual innocence requires the petitioner to support his allegations with new, reliable evidence.  Weeks, 119 F.3d at 1351.  Mr. Fassett admitted to the parole revocation allegations and waived his right to appear before the Board.  See Docket No. 10-2.  Further, Mr. Fassett never claims to be innocent: repeatedly throughout his petition, Mr. Fassett states, "I'm not challenging the conviction, I'm challenging the unlawful imposition of my sentence."  See Docket No. 1.  Due to Mr. Fassett's failure to establish, or even claim, actual innocence, his claims are procedurally defaulted and must be dismissed with prejudice.  See Armstrong v. Iowa, 418 F.3d 924, 926-27 (8th Cir. 2005) (dismissal with prejudice is appropriate when petitioner has procedurally defaulted).

**D.    Mr. Fassett's § 2254 Petition is Timely under the AEDPA Statute of Limitations**

Respondents also argue Mr. Fassett's §2254 petition is untimely under AEDPA.  This argument is misplaced, but was cued by the court's misreading of Mr. Fassett's petition originally.  AEDPA contains a one-year statute of limitations for filing federal habeas petitions.  AEDPA's one-year statute of limitations begins to run on the latest of four alternative dates set forth in § 2244(d)(1).  In three of those alternatives, Congress recognized that some theories of federal habeas relief are not, as a practical matter, available immediately after a conviction becomes final on direct appeal, either because state action creates an impediment to filing the federal habeas petition, or

13

because the factual or legal predicate for a particular theory are not yet available.  In all other cases, including this one, the one-year period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ."  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998).  The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days.  Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).  If a petitioner does not timely seek an appeal of his judgment to the state's highest court, the judgment becomes final when his time for seeking review with the state's highest court expired.  Gonzalez v. Thaler, 565 U.S. 134, 150 (2012).  Under South Dakota's criminal procedure statute, SDCL § 23A-32-15, an appeal from the judgment must be taken within thirty days after the judgment is signed, attested, and filed.  An appeal is commenced by serving a notice of appeal upon the South Dakota Attorney General and the prosecutor and filing with the clerk of court the notice of appeal, certificate of service, and filing fee (if required).  SDCL §§ 23A-32-16, 17.

Applying these principles to Mr. Fassett's case, his federal habeas petition is timely under the one-year statute of limitations assuming he is collaterally attacking the Board's decision rather than the state circuit court's original sentence. While Mr. Fassett's petition is not entirely clear, it appears that he is challenging the Board's imposition of his two-year suspended sentence. On a motion to dismiss, we must accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party. A.J. ex rel. Dixon v. UNUM, 696 F.3d 788, 789 (8th Cir. 2012) (per curiam). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" Jackson v. Nixon, 747 F.3d 537, 541 (8th Cir. 2014) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

"When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Id. at 544 (quoting Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004)). Mr. Fassett's judgment was rendered by the Board on January 28, 2021. See Docket No. 10-2 at pp. 10-11. Therefore, by filing this federal habeas petition on March 25, 2021, Mr. Fassett was, and still is, within the one-year statute of limitations. Accordingly, Mr. Fassett's petition is timely under AEDPA.

15

If, however, Mr. Fassett is challenging his failure to appear conviction from March 6, 2019, Mr. Fassett's petition would be considered untimely and barred under 28 U.S.C. § 2244(d). Once judgment was entered against Mr. Fassett on March 6, 2019, Mr. Fassett had thirty days, or until April 5, 2019, to appeal to the South Dakota Supreme Court. See SDCL § 23A-32-15. Because Mr. Fassett failed to do so, the judgment became final on that date and the AEDPA's one-year limitation period began to run. Gonzalez, 565 U.S. at 150. At no point did Mr. Fassett file a direct appeal or a state habeas petition. Thus, the limitation period did not toll under § 2244(d)(2). Therefore, the one-year limitation period under AEDPA expired on April 5, 2020. Mr. Fassett did not file this petition until nearly one year after that date on March 25, 2021, and, accordingly, his petition would be barred under 28 U.S.C. § 2244(d) *if* he were challenging his 2019 conviction.

**E.     Mr. Fassett is Not Entitled to Equitable Tolling**

Because AEDPA's limitation period is not a jurisdictional bar, a petitioner may be entitled to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). The limitation period is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). A petitioner seeking equitable tolling has the burden of showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Holland, 560 U.S. at 649; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The decision whether to equitably toll

16

AEDPA's limitations period is a fact-intensive inquiry based upon the totality of the circumstances.  Holland, 560 U.S. at 649-50.  Rarely does a case merit application of this "rare remedy."  Wallace v. Kato, 549 U.S. 384, 396 (2007).

Mr. Fassett has failed to meet both conditions necessary for the court to apply equitable tolling.  Throughout Mr. Fassett's petition, he makes it clear that he did not pursue any type of post-conviction relief.  Mr. Fassett states he filed a grievance and did not receive any response.  See Docket Nos. 1 at pp. 8, 9 & 11.  The South Dakota Supreme Court in Abdulrazzak held that SDCL § 1-26-31 "clearly delineates who must be served with a notice of appeal and when and where it must be filed in order to transfer jurisdiction from the executive to the judicial branch."  Abdulrazzak, 940 N.W.2d at 675 (quoting Slama v. Landmann Jungman Hosp., 654 N.W.2d 826, 827 (S.D. 2002)).  The Abdulrazzak court also held that, "we have further determined that satisfying the requirements of SDCL § 1-26-31 is essential to a circuit court's appellate jurisdiction."  Id.  As stated previously, SDCL § 1-26-31 requires an appeal to be filed within 30 days after the agency served notice of the final decision.  By merely filing a grievance, Mr. Fassett has failed to show that he was diligently pursuing his rights for this court to apply equitable tolling.

Further, Mr. Fassett has not stated any facts showing there were extraordinary circumstances that stood in his way of pursuing post-conviction relief, such as not having the ability, knowledge, or opportunity to file a habeas petition.  He claims he did not have access to South Dakota law for a period of time, but this occurred before his time to appeal from the Board's decision

17

began to run. If Mr. Fassett is really attacking his 2019 conviction, this period during which he did not have access to South Dakota law occurred *after* his AEDPA statute of limitations had already expired. Either way, the absence of access to South Dakota law does not provide grounds for equitable tolling. Again, equitable tolling represents "an exceedingly narrow window of relief" and should only be granted in anomalous cases. Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (quotation omitted). Therefore, because Mr. Fassett has not pleaded facts to sufficiently show that he (1) was pursing his rights diligently and (2) extraordinary circumstances stood in his way, his habeas petition is not entitled to equitable tolling.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends that respondents' motion to dismiss (Docket No. 9) be granted in its entirety and that Mr. Fassett's habeas petition (Docket No. 1) be dismissed with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 19th day of August 2021.

                                    BY THE COURT:

                                    */s/ Veronica L. Duffy*

                                    VERONICA L. DUFFY
                                    United States Magistrate Judge

19