UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KYLE EUGENE FASSETT,<br><br>Petitioner,<br><br>vs.<br><br>DOUG CLARK, Acting Warden; and the ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 4:21-CV-04048-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION WITHOUT PREJUDICE |

Petitioner, Kyle Eugene Fassett, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 1. The matter was referred to Magistrate Judge Veronica L. Duffy for a report and recommendation, and she recommended dismissing the petition for failure to exhaust state remedies as is required under the Antiterrorism and Effective Death Penalty Act (AEDPA). Docket 17. Fassett timely filed an objection to the report and recommendation. Docket 18. For the following reasons, the court adopts Magistrate Judge Duffy's report as supplemented herein.

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any

objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. *See* Fed. R. Civ. P. 72(b). ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

Fassett contends that the report and recommendation misconstrues his claim. Docket 18 at 1. Instead of challenging the determination of the Board of Pardons and Paroles, Fassett "is actually challenging the date calculation of his sentence, as well as the dates of release and his two[-]year sentence that he completed that was readded to the end of petitioner[']s sentence making him have to serve the same sentence twice[.]" *Id.* "Petitioner filed his petition not to challenge the parole board[']s order but the errors in the Department of Correction's calculations of his release dates." *Id.* at 3.

A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context. *Satter v. Leapley*, 977 F.2d 1259, 1262 (8th Cir. 1992). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Fassett admits that he "skipp[ed]" filing a state petition for writ of habeas corpus before filing this petition in federal

court. Docket 18 at 4. Because Fassett still may be able to exhaust his state remedies, the court agrees with his request to dismiss this action without prejudice. *See id.* Fassett also asks this court to remand this matter to a lower court, but there is no lower federal court. He will need to file new documents to exhaust his state remedies within the Department of Corrections and then state court.

To the extent his petition for a writ of habeas corpus does seek review of a decision of the Board of Pardons and Parole, this court adopts the report and recommendation of Magistrate Judge Duffy.

## CONCLUSION

This court has reviewed Magistrate Judge Duffy's report and recommendation de novo and Fassett's objections. This court adopts the report and recommendation as supplemented by this opinion and dismisses Fassett's petition for relief without prejudice.

Furthermore, based upon the reasons stated and under Fed. R. App. P. 22(b), the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is denied.

Thus, it is ORDERED

1. That the report and recommendation (Docket 17) is adopted in full as supplemented herein. Fassett's pro se petition for habeas corpus (Docket 1) is denied without prejudice.

2. Fassett's objections to the report and recommendation (Docket 18) are sustained and incorporated herein.

3. Respondents' motion to dismiss (Docket 9) is granted.

4. Respondents' motion to strike response to motion (Docket 13) is denied.

5. Fassett is not granted a certificate of appealability.

Dated December 28, 2021.

>BY THE COURT:
>
>/s/ *Karen E. Schreier*
>KAREN E. SCHREIER
>UNITED STATES DISTRICT JUDGE